IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JENNIFER L. GIBBS**                                                                                 **PLAINTIFF**

v.                                          Case No. 4:21-cv-00127-KGB

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                         **DEFENDANT**

### ORDER

Before the Court are the Partial Recommended Disposition ("Partial Recommendation") and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. Nos. 17; 30).

### I.     Partial Recommended Disposition

In Judge Ervin's Partial Recommendation (Dkt. No. 17), she recommends that the Court deny the Commissioner of the Social Security Administration's ("Commissioner") motion to dismiss (Dkt. No. 14). Neither party filed objections to the Partial Recommendation, and the time for filing objections has passed. After careful review of the Partial Recommendation, the Court concludes that the Partial Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 17). The Court denies the Commissioner's motion to dismiss (Dkt. No. 14).

### II.    Recommended Disposition

In Judge Ervin's Recommendation (Dkt. No. 30), she recommends that the Court affirm the Commissioner's decision to deny plaintiff Jennifer Gibbs' Title II application for a period of disability and disability insurance benefits (*Id.*, at 1–2, 13). Judge Ervin also recommends that the Court enter judgment in favor of the Commissioner (*Id.*, at 13). Ms. Gibbs submitted objections to Judge Ervin's Recommendation (Dkt. No. 31). After careful review of the Recommendation,

Ms. Gibbs' objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 30).

Though the Court adopts Judge Ervin's Recommendation, it writes separately to address Ms. Gibbs' objections (Dkt. No. 31).  Ms. Gibbs maintains that the Administrative Law Judge ("ALJ") erred in finding that Ms. Gibbs' migraine headaches were not severe impairments at Step Two and argues that "objective medical evidence of the record supports the existence of the severe impairment of fibromyalgia" at Step Two (Dkt. No. 31, at 1, 4).

Despite the Recommendation's contention that Ms. Gibbs did not develop her argument regarding the severity of her migraines and fibromyalgia, Ms. Gibbs' objection states that she spent five pages detailing how the record evidence supports the "existence of the severe impairment of migraine headaches" (*Id.*, at 1–2).  Ms. Gibbs then provides the Court with several pages of block quotes from her appellate brief that appear in the subsection discussing fibromyalgia (Dkt. Nos. 28, at 21–25; 31, at 2–4).  Following the block quotes, Ms. Gibbs argues that she has shown that the record supports the existence of severe impairment from fibromyalgia (Dkt. No. 31, at 4–5).  Despite her arguments to the contrary, Ms. Gibbs has not demonstrated that her objection has merit.

Ms. Gibbs, as she concedes in her objection, has the burden to establish that her migraines and fibromyalgia were severe at Step Two (*Id.*, at 1).  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (explaining that "[i]t is the claimant's burden to establish that his impairment or combination of impairments are severe.").  Ms. Gibbs did not develop an argument related to her migraine and fibromyalgia.  Rather, Ms. Gibbs recounts a series of interactions with doctors that the ALJ found unpersuasive (Dkt. No. 31, at 2–4).  As Judge Ervin's Recommendation explains, the role of this

2

Court is to determine whether the decision of the Commissioner is "supported by substantial evidence," not to reverse the Commissioner's decision because "substantial evidence exists for the opposite decision." (Dkt. No. 30, at 4–5). *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (explaining that "[s]ubstantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion"); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (explaining that it is not the role of the district court to reverse the Commissioner's decision because "substantial evidence exists for the opposite decision."). Accordingly, as the record shows enough evidence for a reasonable mind to find it adequate to support the ALJ's conclusion, the Court adopts the Recommendation as this Court's findings in all respects (Dkt. No. 30). *Brown*, 825 F.3d at 939.

Assuming *arguendo* that the Court agreed with Ms. Gibbs that the ALJ committed an error at Step Two, the Court would reach the same outcome. The ALJ found other severe impairments at Step Two (Dkt. No. 30, at 3) and proceeded to Step Three where he considered all of the medical evidence and all of Ms. Gibbs' impairments (Dkt. No. 23-14, at 16–17 (ALJ explaining that Ms. Gibbs "alleges disability due to back pain, asthma, chronic fatigue syndrome, migraine headaches, fibromyalgia, and depression.")). *See generally Bozven v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). The ALJ engaged in a detailed discussion of Ms. Gibbs' medical care, demonstrating that he considered all of the medical evidence (Dkt. No. 23-14, at 16–22). Accordingly, even if Ms. Gibbs' migraines and fibromyalgia were severe, no harm came from the ALJ's finding they were non-severe at Step Two. *Robinson v. Berryhill*, Case No. 2:18-CV-00149 PSH, 2019 WL 3798216, at \*5 (E.D. Ark. Aug. 12, 2019); *Misty G. v. Berryhill*, Case No. 0:18-cv-00587-KMM, 2019 WL 1318355, 4 (D. Minn. 2019); *see also Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess

3

claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at Step Two is harmless).

### III.     Conclusion

For the foregoing reasons, the Court adopts the Partial Recommendation and denies the Commissioner's motion to dismiss (Dkt. Nos. 14; 17). The Court also adopts the Recommendation and affirms the Commissioner's decision related to Ms. Gibbs' Title II application for a period of disability and disability insurance benefits. The Court denies Ms. Gibbs' request for relief, and the Court dismisses with prejudice this case. Judgment shall be entered accordingly.

It is so ordered this 19th day of September, 2022.

_____
Kristine G. Baker
United States District Judge